**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**UNITED STATES OF AMERICA**

**v.**                                                          **Case No. 4:08cr60-SPM**

**STEVEN KRPATA**

_____/


**GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The United States of America, through Assistant United States Attorney, Robert O.
Davis, files this opposition to the motion by defendant Krpata (doc. 6) to dismiss the present
indictment on the grounds of double jeopardy.  In support of this opposition, the government
states as follows:

1.  On December 2, 2008, defendant Krpata was charged in a two count indictment with
receiving child pornography from approximately July 25, 2006 to October 15, 2008, and with
possessing child pornography on October 15, 2008.  Doc. 1.

2.  Defendant contends that the crime of knowing possession of child pornography under
18 U.S.C. § 2252A(a)(5)(B) is a lesser included offense of the crime of knowing receipt of child
pornography under 18 U.S.C. § 2252A(a)(2)(A), and that the defendant may not be prosecuted
on both counts.  Doc. 6 at 1.

3.  Contrary to defendants' assertions, however, the charge in Count Two is not a lesser
included offense of the charge in Count One, as Congress intended for there to be two distinct
crimes, as discussed below.

4.  Further, as the government intends to prove at trial, the evidence will show that
defendant Krpata purchased DVD's of child pornography and downloaded videos of child

pornography from the "Young Video Models" website at or about the July 25, 2006 and his

possession of those DVD's and the "Young Video Models" videos on his computers were

retained long after their receipt, thus warranting the separate criminal charges contained in Count

Two.

5.  Further, the government intends to prove at trial that defendant possessed additional

child pornography, including hard copy images of child pornography stored in defendant's

lockbox, the possession of which was separate and distinct from the "Young Video Models"

videos that defendant downloaded during the time period covered in Count One.

### MEMORANDUM OF LAW

I.      POSSESSION OF CHILD PORNOGRAPHY IS NOT A LESSER INCLUDED
        OFFENSE OF RECEIPT.

        A.      Background

Under the Fifth Amendment, a defendant may not be punished twice for the same

criminal offense.  *Brown v. Ohio*, 432 U.S. 161, 165 (1977).  Typically, a court determines

whether two offenses are the "same" for double jeopardy purposes by determining whether each

requires proof of an element that the other does not.  *See Blockburger v. U.S.*, 284 U.S. 299, 304

(1932) ("where the same act or transaction constitutes a violation of two distinct statutory

provisions, the test . . . is whether each provision requires proof of a fact which the other does

not").  Two different statutes also define the "same offense" when, under the *Blockburger* test,

one is a lesser included offense of the other.  *United States v. Rutledge*, 517 U.S. 292, 297

(1996); *see Schmuck v. United States.*, 489 U.S. 705, 716-17, 721-22 (1989).

        *Blockburger* is a rule of statutory construction; thus, even when two offenses are the

"same" under the test, if Congress otherwise expresses its clear intent – either on the face of the

statute or in its legislative history – to authorize separate punishments, Congress's intention

controls.  *Albernaz v. U.S.*, 450 U.S. 333, 344 (1981) (the "dispositive question [is] whether

Congress intended to authorize separate punishments for the two crimes"); *accord Garrett v.*

*United States*, 471 U.S. 773, 779 (1985).

Finally, any inquiry into whether one offense is a lesser included offense of another is

necessarily bound to the facts of the case.  *Blockburger*, 284 U.S. at 304*, Ball v. U.S.*, 470 U.S.

856, 859, n.6 (1985), *Gore v. United States*, 154 F.3d 34, 44 (2nd Cir. 1998) ("the *Blockburger*

test is primarily a means of 'identifying [C]ongressional intent to impose separate sanctions for

multiple offenses *arising in the course of a single act or transaction*.'") (emphasis added) (citing

*Ianelli v. United States*, 420 U.S. 770, 785 n.17 (1975)).  See also, *United States v. Davenport*,

519 F.3d 940, 942 (9th Cir. 2008) (inquiry premised on same conduct).[1]

B.      Statutory Analysis

In other contexts, courts have found that possession is a lesser included offense of

receipt.  For example, in *Ball*, the Supreme Court held that "proof of illegal receipt of a firearm

*necessarily* includes proof of illegal possession of that weapon.  When received a firearm is

necessarily possessed." 470 U.S. at 862 (citations, quotations omitted).  Similarly, three courts

have concluded that possession of child pornography is a lesser included offense of receipt

because receiving an item means to take possession of it.  *Davenport*, 519 F.3d at 943, *U.S. v.*

*Miller*, 527 F.3d 54, 71 and n.15 (3d Cir. 2008); *United States  v. Kamen*, 491 F. Supp.2d 142,

---

[1] While it is permissible to prosecute a defendant for two offenses that are the "same" for double jeopardy purposes, he may not in the end be convicted and punished for both.  *Ball v. United States*, 470 U.S. 856, 861, 865 (1985).  In the face of two such guilty verdicts, the district court should enter judgment on only one – or, upon a successful double jeopardy appeal, vacate one of the convictions.  *Id.* at 864-65.

150 (D. Mass. 2007).[2]  Although the inquiry does not end there, the United States agrees with the

general proposition that the crime of receipt *may* encompass the crime of possession.  *See United

States v. Myers*, 355 F.3d 1040, 1042 (7th Cir. 2004), *but see United States v. Davenport*, 519

F.3d 940, 948-952 (9th Cir. 2007)(Graber, J. dissenting)(positing situation where defendant

downloads images of child pornography, but regrets doing so and shreds images, thus availing

himself of affirmative defense and not committing crime of possession).

       C.      Congressional Intent

     Federal laws first criminalized receipt of child pornography in 1978, although as first

enacted, the law only covered obscene visual depictions intended for commercial transactions.

Pub. L. 95-225, § 2(a), Feb. 6, 1978, 92 Stat. 7.[3]  Twelve years later, in 1990, possession of

child pornography was added to 18 U.S.C. § 2252 by the Crime Control Act of 1990, Pub. L.

101-647, Title III, § 323, Nov. 29, 1990, 104 Stat. 4818.  In 1996, Congress enacted 18 U.S.C. §

2252A, which parallels Section 2252 in many ways, as both criminalize activities related to child

pornography, including the separate crimes of receipt of child pornography and possession of

child pornography.  Because Congress specifically added possession of child pornography to an

existing criminal scheme in 1990, the legislative history of that bill is most relevant to the

question at hand.

     In enacting the 1990 amendment, Congress expounded that a loophole in the existing

child pornography laws had to be corrected through enactment of a statute criminalizing the

---

[2] In *Davenport, Miller*, and *Kamen*, the United States argued that possession is not a lesser included offense of receipt because there is an affirmative defense available for possession charges that is not available for receipt.  18 U.S.C. §§ 2252(c), 2252A(d); *Davenport*, 519 F.3d at 944, *Miller*, 527 F.3d at 72, *Kamen*, 491 F.Supp.2d at 150-51. Without conceding that the argument is incorrect, the United States does not rely on it here.

[3] Eventually, Congress dropped the requirement that the images be obscene or intended for commercial distribution.

possession of child pornography.  In remarking on a bill to amend 18 U.S.C. § 2252, Senator

Thurmond stated:

> Since the child pornography market has, in large part, been driven underground,
> we cannot solve the problem by only attacking the production or distribution of
> child pornography.  This bill meets this challenge by expanding the scope of
> prohibited activities relating to child pornography.  Under current law, it is a
> crime to knowingly transport, distribute, receive or reproduce any child
> pornography . . . [u]nfortunately, those who simply possess or view this material
> are not covered by current law.  This bill addresses this insufficiency . . . .

136 Cong. Rec. S. 4729 (April 20, 1990).  In a later statement, Senator Thurmond reiterated that

"Current law prohibits the knowing transportation, distribution, receipt or reproduction of child

pornography which has traveled in interstate commerce.  Those who simply possess or view this

material are not covered by current law.  This legislation corrects this insufficiency."  136 Cong.

Rec. S. 8997 (June 28, 1990).

Since then, Congress has repeatedly emphasized that laws targeting the trafficking in

child pornography and laws targeting its possession address different harms.  For example, in

1996, Congress made findings about the harms that flow from child pornography. Pub. L. No.

104-208, 110 Stat. 3009-26 (1996).  Specifically, at least two distinct harms were identified.

First, Congress recognized the harm to the actual children who are used in creating child

pornography, both in terms of the physical and emotional harm caused by the underlying abuse

and the reputational harm caused by the recording of that abuse.  *Id*. at § 121.  Second, and

separately, Congress identified the harmful uses of child pornography in the hands of pedophiles

and sexual abusers:

> (3) child pornography is often used as part of a method of seducing other children
> into sexual activity; a child who is reluctant to engage in sexual activity with an
> adult, or to pose for sexually explicit photographs, can sometimes be  convinced
> by viewing depictions of other children ...;

(4) child pornography is often used by pedophiles and child sexual abusers to
stimulate and whet their own sexual appetites, and as a model for sexual acting
out with children ...

*Id.* As the dissent in *Davenport* noted, "Production or receipt of child pornography does not per

se cause these harms. Rather, a person's possession and use of the images causes these harms."

519 F.3d at 949 (Graber, J.).

Congress amended the statute two years later in 1998. Pub. L. 105-314, § 203, Oct. 30,

1998, 112 Stat. 2978.  Its express purpose was to get tougher on persons who possessed child

pornography. See 144 Cong. Rec. S12262-65 (1998).  Congress effectuated that purpose by

criminalizing the possession of any number of images (not just "3 or more"). 18 U.S.C. §

2252A(a)(5).

As recently as two years ago, Congress separately identified the impact of changing

technology on different child pornography offenses:

The advent of the Internet has greatly increased the ease of transporting,
distributing, receiving, and advertising child pornography in interstate commerce.
The advent of digital cameras and digital video cameras, as well as videotape
cameras, has greatly increased the ease of producing child pornography. The
advent of inexpensive computer equipment with the capacity to store large
numbers of digital images of child pornography has greatly increased the ease of
possessing child pornography.

Pub. L. No. 109-248, § 501, July 27, 2006, 120 Stat. 623.

D.      Analysis

Although the statutory analysis of the receipt and possession provisions in Sections 2252

and 2252A indicates that possession may be a lesser included offense of receipt, the legislative

history of the provisions establish that Congress intended the provisions to be separate crimes, as

they address distinct harms.  Significantly, the Courts in *Miller* and *Kamen* never examined the

legislative history of the applicable statute at all, and the Court in *Davenport* limited itself to an analysis of Section 2252A without considering the broader context of the history of the predecessor statute in Section 2252.  519 F.3d at 946-947.  The congressional history establishes that possession of child pornography is not a lesser included offense of receipt.

In the alternative, possession should be deemed a lesser included offense of receipt only in those cases where the possession is only incidental to the receipt.  *Davenport*, 519 F.3d at 943 ("It is impossible to 'receive' something without, *at least at the very instant of 'receipt*,' also 'possessing' it.") (emphasis added).  As noted above, one count is a lesser included offense of another only when they are premised on the same underlying conduct.  *Ball*, 470 U.S. at 865, *Davenport*, 519 F.3d at 947.  Where there is evidence of possession plus retention or further use, the possession and receipt counts are no longer based on the same conduct.  Therefore, in cases where the United States has proof that the defendant possessed the image beyond that needed to complete the act of receipt, possession would not be a lesser included offense of receipt.  For example, proof that a defendant has retained the image in question for weeks, months, or years, or has repeatedly viewed the images, or has moved or copied the images to different areas on his computer or to external media such as CDs, is sufficient proof to establish that the possession of the image in that case is separate from receipt.

To be sure, this is not to suggest that such proof of possession plus additional retention or use of the image is required in order to establish all of the elements of the offense for a conviction of knowing possession.  All that is required for a conviction under Sections 2252(a)(4)(B) or 2252A(a)(5)(B) is proof that the defendant knowingly possessed an illegal image of child pornography, even if only for a moment.  *United States v. Romm,* 455 F.3d 990,

1000 (9th Cir. 2006).  Nonetheless, any additional proof of what the defendant did with the

image once it was received is properly considered when determining whether the possession of

the image is a lesser included offense of receipt.

This result comports with the legislative history, which demonstrates Congress's concern

with the separate harms caused by the receipt and possession of these illegal images: while the

receiver creates a market for exploitation and production, whether or not he retains them, the

possessor (*i.e.* retainer) often uses the pornography to seduce children and whet his sexual

appetite, and also helps create a permanent record of the exploitation. *See also*, *United States  v.*

*Myers*, 355 F.3d 1040, 1043 (7th Cir. 2004) ("possession and receipt are not the same conduct

and threaten distinct harms").[4]

This conclusion also follows analogous case law concerning possession-with-intent to

distribute cases under 21 U.S.C § 841(a)(1).  Where, based on a single transaction, a defendant is

tried both for distributing a controlled substance and for possessing with intent to distribute,

courts have held that conviction on both violates double jeopardy if there is "no other evidence

of a separate possession."  *Gore*, 154 F.3d at 43 (collecting cases); *id.* at 46-47 ("possession with

intent to distribute merges with distribution where the distribution itself is the sole evidence of

possession, or where possession is shown to exist only at the moment of distribution") (citations,

quotations omitted); accord *United States v. Oroperza*, 564 F.2d 316, 323,-24 (9th Cir. 1977).

Thus, where separate evidence of possession is presented, the separate convictions stand.  See

---

[4] In *U.S. v. Myers*, 355 F.3d 1040, 1042 (7th Cir. 2004), a defendant convicted of both receipt and possession challenged the application of the higher Guidelines base offense level for receipt.  The Seventh Circuit held that the distinction in the Guidelines was rational because receipt is a separate and more severe crime than possession.  See *id.* at 1042-43 (receiver creates/perpetuates market for pornography).  While the United States agrees with the Seventh Circuit that receipt and possession cover different harms, the case does not present the issue here – *i.e.*, whether possession  is a lesser included offense of receipt.

*Gore*, 154 F.2d at 46; see also *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999) ("when there is independent evidence of the defendant's prior possession of the controlled substance before the actual time of distribution, the two offenses remain distinct").[5]

## II.  ON THE CHARGES AND ANTICIPATED FACTS OF THE CASE, THE POSSESSION AND RECEIPT COUNTS ARE NOT MULTIPLICITOUS

As noted above, any inquiry into whether one offense is a lesser included offense of another is necessarily bound to the facts of the case.  As stated in *Blockberger*, the double jeopardy problem only arises when the charges involve "the same act or transaction." Blockberger at 284 U.S. at 304.  The government believes that the evidence will show that the defendant purchased images of child pornography from "Young Video Models" on or about July 25, 2006, which was more than two years before the recovery of those DVD's and discovery of copies on defendant's computer during the search of October 15, 2008.  Those images, received long before the possession charged in Count Two, are not part of the  "same act or transaction" requirement of *Blockberger.*

Further, the government believes that the evidence will show that defendant possessed additional and different images from those images of child pornography from "Young Video Models" which will include hard copy images of child pornography that defendant maintained in a lock box in his bedroom, as well as other images of child pornography maintained on his computer.  All of those images are not part of the "same act or transaction" requirement of *Blockberger*, and thus do not present double jeopardy concerns.

---

[5] In *Davenport*, *Miller*, and *Kamen*, it is unclear from the Courts' opinions whether there was any evidence before the district court of possession beyond that needed for receipt, nor was there any analysis of the facts along the lines suggested by the United States here.

Thus, the government believes that defendant's contention, that "either Count One or Count Two, separately, is a constitutionally permissible prosecution, but not both simultaneously" (doc. 6 at ¶ 2) is incorrect both as a matter of law and fact.  As such, his motion to dismiss must be denied, as, even if there were double jeopardy concerns, it would not require dismissal, but could be rectified at sentencing.  *See United States v. Irving*, ___ F.3d ___, 2009 WL 194386 at 11 (2d Cir. 2009)("While it is permissible to prosecute a defendant simultaneously on two or more counts charging offenses that are the same for double jeopardy purposes, the Double Jeopardy Clause protects him against multiple punishments for the same offense.  When the jury returns verdicts of guilty on more than one such count, the district court should enter judgment on only one." citations omitted).

Wherefore the government prays that this Court deny defendant's Motion to Dismiss.

Respectfully submitted,
THOMAS F. KIRWIN
UNITED STATES ATTORNEY


   s/Robert O. Davis
ROBERT O. DAVIS
D.C. Bar No. 250274
Assistant U.S. Attorney
Northern District of Florida
111 North Adams Street
Fourth Floor
Tallahassee, FL  32301
(850) 942-8430

# CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to Robert Augustus Harper, 325 W. Park Avenue, Tallahassee, FL 32301.

　s/ Robert O. Davis
Robert O. Davis
Assistant United States Attorney