**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

UNITED STATES OF AMERICA

vs.                                              CASE NO.: 4:08cr60-SPM

STEVEN KRPATA,

      Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS ON DOUBLE JEOPARDY GROUNDS**

Pending before the Court is Defendant's "Motions to Dismiss." (doc. 6) The Government filed a response in opposition. (doc. 13)  Defendant was charged in Count One with receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2) and in Count Two with possessing images of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  Defendant argues that the possession charge in Count Two is a lesser-included offense of the receiving charge Count One and that the two statutes result in proscribing the same offense, which is a violation of Defendant's double jeopardy rights.

The Double Jeopardy Clause of the Fifth Amendment of the United States Constitution states that "no person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V.  "If the same conduct violates two statutory provisions, courts first must determine whether the legislature intended that each violation constitute a separate offense." United

States v. Martinez, 292 Fed. Appx. 851, 854 (11th Cir. 2008) (citing Garrett v. United States, 471 U.S. 773, 778 (1985)).  As articulated by the Supreme Court in Blockburger, if two separate offenses have all the same elements and not one is different, then those offenses are considered the same and "double jeopardy bars additional punishment and successive prosecution."  Martinez, 292 Fed. Appx. at 854.  See Blockburger v. United States, 284 U.S. 299, 304 (1932); United States v. Dixon, 509 U.S. 688, 696 (1993).  Furthermore, double jeopardy "bars a subsequent prosecution if one of the two offenses is a lesser included offense of the other."  United States v. Felix, 503 U.S. 378, 388 (1992).

"[A] lesser included offense is an offense such that 'it is impossible to commit the greater without having first committed the lesser.'"  United States v. Gonzalez, 244 Fed. Appx. 316, 320 (11th Cir. 2007) (citing Theriault v. United States, 434 F.2d 212, 214 (5th Cir. 1970)).  "Stated differently, if all of the elements of an offense constitute a subset of the elements of another offense, the former offense should be treated as a lesser included of the latter offense."  Gonzalez, 434 F.2d at 320.

According to the Eleventh Circuit pattern jury instructions, the elements for both § 2252A(a)(2) and § 2252A(a)(5)(B) are identical except for the fact that the Court may choose "received", "possess" or "distributed" as the verb in the first element.  Because one section of the statute (and one element of offense, as listed in the jury instructions) involves receiving and one section of the statute

involves possessing, there is an element that exists in one that does not exist in the other.  Therefore, under the comparison of elements test articulated by Blockburger, because one of the elements of one offense is different from one of the elements of the other offense, they are not considered the same offense.  Therefore, as a function of pure statutory construction, the offenses are not identical and therefore on their face, they do not violate the Double Jeopardy Clause.

    Defendant however, makes a reasoned argument that possession is a lesser included offense of receipt because receipt necessarily entails possession.  Because these two offenses involve violations of the same statute, the Court's use of the traditional Blockburger test must be supplemented by a fact-based analysis that looks beyond the elements to the specific facts that support the indictment and assess the practical significance of the separate counts.  United States v. Hassoun, 476 F.3d 1181, 1185-87 (11th Cir. 2007).  See also United States v. Gonzalez, 244 Fed. Appx. 316, 320 n.1 (11th Cir. 2007) (clarifying the Blockburger test as it was applied in Hassoun).  Accordingly, this Court must go beyond the face of the statute and look at the factual distinction between the evidence supporting each offense.

    The Government intends to show that on or about July 25, 2006, Defendant received DVDs and computer videos of child pornography from "Young Video Models."  In addition to those videos, the Government intends to prove that

Defendant possessed additional pictures of child pornography which are separate and distinct from the "Young Video Models" materials.  Prosecution for possession of child pornography material that are separate from the child pornography materials that were received in Count One would not be a lesser included charge. It would be a separate charge based on separate acts and separate evidence. Consequently, Defendant's claim that prosecution of those two separate offenses is equivalent to a prosecution of the same conduct in violation of the Double Jeopardy Clause is factually inaccurate.

In addition, the Government intends to show that Defendant possessed "Young Video Models" for longer than needed to constitute incidental possession. As a result, the possession charged for those items is factually distinct from the possession involved in the receipt.  Therefore, the offenses are distinct.  <u>See United States v. Randall</u>, 171 F.3d 195, 209 (4th Cir. 1999) (stating that the existence of "independent evidence" of possession of narcotics prior to the actual time of distribution results in a legally sufficient distinction in the two offenses).

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss (doc. 6) is hereby ***denied***.

DONE AND ORDERED this <u>ninth</u> day of March, 2009.

        *s/ Stephan P. Mickle*
        Stephan P. Mickle
        United States District Judge