IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 4:08cr60-SPM

STEVEN KRPATA

_____/

**Factual Basis for Plea**

In support of the Plea and Cooperation Agreement in this case, the United States provides

that following factual basis:

Concerning Count One, the government would put on proof at trial that in August of

2008, federal agents contacted the Florida Department of Law Enforcement concerning an

individual in Tallahassee who had purchased child pornography from Italy, from a Sergio

Marzola, who was engaged in the mass production and sale of child pornography via the Internet.

The government would introduce the testimony of an Italian investigator, who would testify that

Marzola's website, "Young Video Models" ("YVM") at "youngvideomodels.net" contained

videos that depicted minors engaging in the lascivious display of their genitals and in sexual acts,

such as actual or simulated masturbation, oral sex, or simulated vaginal sex with adults or each

other. That investigator would testify that the minors in these videos were born between 1990

and 1998, and thus were all under the age of 18 at the time videos of them were made. That

investigator would testify that Marzola was arrested in Italy in the fall of 2006, and law

enforcement seized over 50,000 e-mails from is computer showing transactions with past buyers

who would either download the videos or receive DVD's sent from Italy.

FILED IN OPEN COURT THIS

June 18, 2009

CLERK, U. S. DISTRICT
COURT, NORTH. DIST. FLA.

The investigator would testify that among the 50,000 e-mails seized from Marzola's computer were e-mails to an individual using the e-mail address "SKRP77EARTHLINK.NET" during the period from 7/25/2006 to 7/27/2006, prior to MARZOLA's arrest by Italian authorities.  The government would introduce forensic and other investigative testimony that identify the defendant as the user of this e-mail address.  In these e-mails, defendant discussed the purchase of videos from the "youngvideomodel" web site, named the videos he wanted to purchase, and discussed payment by Western Union.  The government would introduce copies of these e-mails recovered from Marzola's computer in Italy.

The government would also introduce the DVD discs which were recovered during a search of defendant's residence.  These DVD discs are, in fact, the same YVM videos defendant discussed purchasing from Marzola in the e-mails discussed above.

The government would introduce testimony from a search of defendant's residence  that there were a total of twelve (12) YVM videos on defendant's computer at his residence, three of which were duplicates.  Six of these videos on his computer had titles that identified the subject as being under the age of 18.  In addition, the government would introduce the five hard-copy DVD YVM video discs that were recovered from defendant's bedroom, in a lockbox to which he possessed the key.  One of these hard-copy DVD YVM videos was a duplicate of one of the nine (9) YVM videos on defendant's computer.  The government would thus show that there were thirteen (13) non-duplicate YVM videos in total.

Finally, the government would introduce defendant's admissions at the time of the search warrant, in which the defendant acknowledged knowing what child pornography was and possessing child pornography.  Specifically, defendant confirmed he had corresponded with the

YVM website and initialed copies of the e-mails.  Defendant admitted he had received the

DVD's discussed in these e-mails at his address in Tallahassee, and said they contained images

of young girls, aged 7 to 16.  Krpata said he wasn't sure if he still had these DVD's but that if he

did, they would be in a lockbox in his bedroom.  Krpata then provided investigators with the key

that opened this lockbox, where hard-copy DVD videos corresponding to the e-mail orders were

recovered.

    As to Count Two, the government would introduce  evidence from the investigation of a

commercial child pornography website known as "Home Collection."  That testimony would

show that the organization which ran this website used PayPal accounts to process the payments

for access by members to its restricted websites.  Investigation into PayPal records showed that

defendant opened a PayPal account on January 13, 2007 using his current address in Tallahassee

and his current phone number. An undercover call to this phone number was unanswered and

went to voicemail, which identified the mailbox as belonging to "Steven."  PayPal records

showed that defendant purchased web access to the member restricted website "Sick Child Room

2005" for $99.95 on January 13, 2007.  The government would introduce testimony that this

website contained in excess of 150 video files and over 20,000 images, which showed

prepubescent females engaged in sexually explicit conduct, including oral, anal, and vaginal

intercourse between prepubescent females and adult males.

    The government would also introduce defendant's admissions that while he did not recall

making the PayPal payment to join the website, he admitted he "probably did."  Defendant

confirmed that the phone number used on the PayPal account was the same number he used and

was currently using.  Defendant said that the credit card number on the PayPal account was his,

but that he did have, in the past, problems with someone using his credit card number.  However, defendant confirmed that this unauthorized use of the credit card was not during the time of the transaction reflected on the PayPal records.  Defendant confirmed that he knew what child pornography was and that it was wrong.  Defendant admitted to purchasing website access to four or five more child pornography websites, and that he used "e-Mule" and/or "Limewire" to download videos and photos of child pornography.  Defendant said he used terms like "pre-teen" to search for images and videos.  Defendant admitted his sexual preference for girls from ten to fifteen years old, although he admitted he did have videos of younger girls on his computer, such as babies.

Concerning Count Two, the government would introduce evidence seized from defendant during a search of his residence on October 15, 2008.  As noted above, investigators recovered a computer and defendant's lockbox.  Inside that lockbox, investigators found numerous DVD's (including those DVD's purchased from YVM in Italy) and cut-out photos of images of children posing with their legs spread or engaging in sexual intercourse.  The government would introduce evidence from the National Center for Missing and Exploited Children (NCMEC) that of the videos recovered from the computer and lockbox, sixty-two (62) videos were identified as known videos of child pornography, that is, images of real, known minors engaged in sexual activity.  Excluding the twelve (12) YVM videos identified in connection with Count One, this leaves a total of fifty (50) known videos of child pornography, including images of children under the age of 12 engaging in sexual activity as well as images of adult penetration of these children and images of bondage.  In addition, the government would introduce testimony that

police recovered 187 images of child pornography from defendant's computer and 38 hard-copy

images from his lockbox.

Respectfully submitted this 18th day of June, 2009.

THOMAS F. KIRWIN
United States Attorney

ROBERT O. DAVIS
Assistant U.S. Attorney
D.C. Bar Number 250274
111 North Adams St., 4th Floor
Tallahassee, FL  32301
(850) 942-8430

5