```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF FLORIDA
                     TALLAHASSEE DIVISION



THE UNITED STATES OF AMERICA,       )
                                    )   4:08CR60/SPM
                 Plaintiff,         )   SEPTEMBER 21, 2009
vs.                                 )   1:41 P.M.
                                    )   TALLAHASSEE, FLORIDA
STEVEN KRPATA,                      )
                                    )
                 Defendant.         )
_____)




              TRANSCRIPT OF SENTENCING HEARING
           BEFORE THE HONORABLE STEPHAN P. MICKLE
                UNITED STATES DISTRICT JUDGE



APPEARANCES:

FOR THE GOVERNMENT:       THOMAS F. KIRWIN
                          United States Attorney
                          BY:  ROBERT O. DAVIS
                               Assistant U.S. Attorney
                          111 North Adams Street
                          Tallahassee, Florida 32301-1841

FOR THE DEFENDANT:        ROBERT AUGUSTUS HARPER
                          Attorney at Law
                          Harper & Harper Law Firm
                          325 West Park Avenue
                          Tallahassee, Florida 32301
```

|   |   |
|---|---|
| 1 | PROCEEDINGS |
| 2 | THE COURT: Court next calls the case of United States |
| 3 | vs. Steven Krpata. |
| 4 | Mr. Harper, are you and your client ready to proceed? |
| 5 | MR. HARPER: Yes, Your Honor. |
| 6 | THE COURT: Approach the podium, please. |
| 7 | Mr. Krpata, pursuant to your plea of guilty to Counts |
| 8 | 1 and 2 of the indictment, I now adjudge you guilty.  The |
| 9 | probation office has prepared a presentence investigation |
| 10 | report and an addendum to it.  Have you and your lawyer had an |
| 11 | opportunity to read and discuss the report and the addendum, |
| 12 | sir? |
| 13 | THE DEFENDANT: Yes, sir. |
| 14 | THE COURT: Do you or your lawyer wish to make any |
| 15 | comments or objections about the presentence report or the |
| 16 | addendum? |
| 17 | MR. HARPER: Your Honor, Mr. Krpata and I have been |
| 18 | over this, the original PSR and the amendment to it, and at |
| 19 | this stage can only compliment Ms. Wilson for doing a good job. |
| 20 | THE COURT: All right.  Before imposing sentence you |
| 21 | and your lawyer have an opportunity to speak on your behalf and |
| 22 | present any information in mitigation of punishment or |
| 23 | otherwise that you feel should be considered before sentence is |
| 24 | imposed.  So Mr. Krpata and Mr. Harper, I give you all that |
| 25 | opportunity. |

MR. HARPER: Your Honor, we submitted a group of letters which included a couple of reports from psychologist Jane Marks which were submitted before today.

THE COURT: I had an opportunity to review the reports and those letters earlier today.

MR. HARPER: Thank you. And we've given a copy to the U. S. Attorney. The only additional thing is Mr. Krpata would like to make a short statement which he's reduced to writing, his dad would like to make a statement and I'll close it out.

THE COURT: All right.

MR. HARPER: May I call Mr. Krpata first, Your Honor?

THE COURT: Yes, sir.

MR. KRPATA: Good afternoon, Your Honor.

THE COURT: Good afternoon, Your Honor.

MR. KRPATA: My name is Donald Krpata. And what I'm here -- I'm here to plead for my son. I know what he did was bad. No doubt about it. But I don't think he realized that there was a crime being committed when he did this. All he did was look in his bedroom at these pictures. And I think he understands it now. But he's a good kid. He helps around the house since he's been on this monitoring device. He's obeyed whatever they said. Excuse me, I'm a little nervous up here too. I'm not a speaker. And I love him a lot.

I read the report that the psychologist gave too, and I didn't know all that was going on. I didn't realize what we

1  were doing to him either.  I did coach him in little league,
2  T-ball and some baseball and football when he was little and
3  all that stuff, but I never realized what was happening with
4  him.
5          I think if he gets a chance, he'll -- he won't do it
6  again.  I asked him, and he said he didn't know it was a crime,
7  but he wouldn't do it again, and I believe him.  And -- but
8  that's a father believing him, not a judge.  So that's about
9  all I have to say.
10          THE COURT:  All right, sir.
11          MR. KRPATA:  Thank you.
12          THE DEFENDANT:  I would like to apologize to first my
13  family.  I know I caused them harm, and I appreciate the fact
14  that they support me 100 percent on this.
15          I've been seeing Ms. Jane Marks since October of last
16  year, since this happened, and making breakthroughs, working
17  with her.  I would also like -- I would like to apologize to
18  the Court and the -- I know now what I did was wrong, and I
19  apologize for all that.
20          And I started -- I started to change my ways at the
21  beginning of 2008.  I no longer went on the internet looking
22  for it.  I -- I still had it.  It was partly to my hoarding --
23  I tend to hoard stuff, and I don't like throwing it away.
24  That's why I never got rid of it.
25          I would also like to apologize to the victims.  I

1  never -- I never considered it victims.  I never considered --
2  I never really considered them like real people.  I was always
3  just watching the computer screen.  I guess I always thought of
4  it kind of like movies or something, kind of like a fantasy
5  type thing.  And I just -- I would like to apologize.  I'm very
6  sorry for what I've done.
7           THE COURT:  All right, sir.
8           MR. HARPER:  Your Honor, may it please the Court.  The
9  couple of things that have impressed me about the family and
10 Steve Krpata are the sincerity of it all.  They've been in this
11 together.  You know that we had a case like this down in
12 Gainesville not too long ago, and there's a good bit of
13 disagreement among the family.  But this family here has
14 gone -- has come together and stood up for each other, for
15 better or for worse, and certainly this is for worse.
16           To what extent I need to make a record here that we
17 had a conditional plea to Count 2, I don't want to lose it by
18 failing to make that observation on the record.  But, you know,
19 the real idea is not to avoid the consequences, but to get
20 things in perspective in the context of what really happened.
21 And I think this age, this computer age and these offenses and
22 offense conduct that we are now seeing in the totally different
23 light, namely so graphic, in everybody's face, including your
24 children, possibly, and just how suggestive things are and how
25 easy it is to get there, has made everybody aware that these

1  children involved in these images are real people.  And until
2  my experience here in this courtroom, I had no idea that there
3  was a process of identification of who these children were and
4  no real concept as far as what they really are going through.
5       And I think that for better or for worse, there is at
6  least one person here who has improved his outlook on the way
7  these things are handled and the way these cases are treated,
8  and we would ask you to do what you can with the -- in view of
9  the charges that we have here, and giving him a low end
10 sentence.  Thank you.
11       THE COURT:  Does the U. S. Attorney wish to make any
12 statement with respect to the sentence to be imposed?
13       MR. DAVIS:  Your Honor, I would just like to respond
14 to two things:  First of all, with regard to the psychological
15 assessment by Ms. Marks, the government observes that it
16 appears that the defendant has no distinguishing psychological
17 background that would put him in any different than anyone else
18 in the realm of this particular guideline or this particular
19 crime.
20       As a matter of fact, it's my observation, Your Honor,
21 that by and large, individuals who engage in this offense have
22 a much more traumatic background.  So the defendant benefits
23 from the good family life that he had, but that doesn't
24 necessarily mitigate his status in the government's view.
25       Secondly, with regard to the suggestion in some of the

1  letters by his family members that this is essentially a
2  victimless crime that took place in the privacy of his own
3  bedroom, the government objects to that and disagrees with it
4  totally.
5           This Court has heard me speak before about the
6  multitude of victims that are the young children, who were
7  actually the victims of this child pornography were the rape --
8  their molestation is recorded on these images.  Amongst the
9  images was one by a known victim -- and I'll use her first
10 name -- her name was Kylee.  And she states in her impact
11 statement that she was abused when she was a little girl by her
12 natural father.  To shorten her statement, she learned about it
13 and was unaware that her father had taken videotapes of it, but
14 then later learned that those videotapes were circulated on the
15 web.
16          She states in her statement that when she first
17 learned this, quote, "I thought my pulse would stop.  Thinking
18 about all those sick perverts viewing my body being ravaged and
19 hurt like that makes me feel like I was being raped each time
20 by every one of them.  I was so young, so helpless.  It
21 terrifies me that people enjoy viewing things like this.  Every
22 time I think about it, my whole body goes ice cold, and my
23 tears well up in my eyes.  I can't even think about it most of
24 the time.  It hurts too much."
25          Your Honor, there are victims of these crimes, and the

```
 1  victims are the countless children who are molested and raped
 2  by the people who made these videos, and the defendant's
 3  creation of a market for it and the preservation of that market
 4  on the internet is a crime to be punished here.  Thank you,
 5  Your Honor.
 6           THE COURT:  Mr. Krpata, has Mr. Harper talked to you
 7  about the sentencing guidelines in this case?
 8           THE DEFENDANT:  Yes, sir.
 9           THE COURT:  And what did he tell you your guideline
10  range was?
11           THE DEFENDANT:  It was 91, I think, to 120.
12  Ninety-seven to 120.
13           THE COURT:  Anything further, Mr. Harper?
14           MR. HARPER:  Sir?
15           THE COURT:  Anything further?
16           MR. HARPER:  No, sir.
17           THE COURT:  Okay.  I'm ready to impose sentence in
18  this case.  I have considered the factors set out in 18 United
19  States Code section 3553(a), including the advisory guidelines
20  and the policy statements issued by the Sentencing Commission.
21  I recognize that the guidelines are not binding upon me, and I
22  have tailored the sentence to take into account the facts and
23  circumstances surrounding this particular case.
24           The presentence investigation report is accurate and
25  the findings of the report are incorporated into the following
```

1  sentence:
2          Pursuant to the Sentencing Reform Act of 1984, and all
3  amendments, it is the judgment of the Court that you,
4  StevenSteven Krpata, are hereby sentenced to a term of 97
5  months' imprisonment as to each of Counts 1 and 2, said terms
6  to run concurrently, for a total of 97 months' imprisonment.
7  This sentence is imposed at the bottom of the guideline range
8  that's applicable in your case.  I find that this sentence is
9  sufficient to provide just punishment to you for your criminal
10 conduct and serves as an adequate deterrent to others.
11         I find that you do not have the ability to pay a fine
12 within or below the guideline range, therefore no fine will be
13 imposed.  As required, however, under Title 18 United States
14 Code section 3013, you shall pay a special monetary assessment
15 in the amount of $100 for each count, for a total of $200,
16 which is due and payable immediately.
17         Upon release from imprisonment, you shall be placed on
18 supervised release for a term of life.  While on supervised
19 release, you shall comply with the standard conditions of
20 supervision adopted by this court and the following special
21 conditions:
22         You shall report in person to the probation office in
23 the district to which you are released within 72 hours of your
24 release from the Bureau of Prisons;
25         You shall not own or possess a firearm, dangerous

weapon or other destructive device;

You shall participate in a program of mental health counseling and/or treatment, to include sex offender counseling and/or treatment;

You shall permit the U.S. Probation Office to search your person, property, house, residence, vehicle, papers, computer, or other electronic communications or data storage devices or media and the effects at anytime for the presence of child pornography;

You shall provide the probation officer with all requested financial information, business and personal;

You shall maintain gainful employment or be actively seeking employment;

You shall cooperate in the collection of DNA samples as directed by the probation officer, as required by 42 United States Code section 14135(a);

You shall not possess or consume any alcoholic beverage or frequent places where alcohol is sold, used, distributed, with the exception of grocery stores and restaurants;

You shall not be in the presence of minors, nor have any contact in any form, direct or indirect, including, but not limited to, personally, by computer, telephone, letter or through another person, with children under the age of 18, without the approval of the probation officer;

1         Any contact must be reported immediately to the
2   probation officer;
3         You shall neither volunteer in nor be employed by any
4   organization or employer that would allow you access to minor
5   children;
6         Your employer shall also be informed of your offense
7   of conviction;
8         You shall register with the state sex offender
9   registration agency in any state where you reside, are employed
10  or go on vacation, or where you are a student, as directed by
11  the probation officer;
12        The probation office will provide state officials with
13  any and all information required by the state sex offender
14  registration agency and may direct you to report to that agency
15  personally for additional processing such as photographing or
16  fingerprints.
17        Are there any objections to either the Court's
18  ultimate findings of fact or conclusions of law?  Mr. Harper?
19        MR. HARPER:  No, Your Honor.
20        THE COURT:  For the government?
21        MR. DAVIS:  None from the government, Your Honor.
22        THE COURT:  Mr. Krpata, you are advised that you have
23  the right to appeal from this sentence and judgment.  If you
24  are unable to pay the cost of an appeal, you also have right to
25  apply to the Court for leave to appeal without cost.

1          Further, you are entitled to have a lawyer represent
2  you on appeal, and if you are financially unable to hire a
3  lawyer, then upon application and request by you, I will
4  appoint a lawyer to represent you without any cost to you.
5          Any such appeal must be commenced within ten days by
6  filing a notice of appeal.  If you request, the clerk of this
7  court will prepare and file forthwith a notice appeal on your
8  behalf.
9          Mr. Harper should confer with you on the matter of
10 filing an appeal and advise you in regard thereto.
11         What's the government's position on voluntary
12 surrender?
13         MR. DAVIS:  Your Honor, it's the position of our
14 office in a situation like this, particularly involving a
15 violent crime -- and child pornography does qualify as a
16 violent crime under the statute -- that he be immediately
17 remanded to the custody of the Bureau of Prisons, Your Honor.
18         THE COURT:  Mr. Harper?
19         MR. HARPER:  Your Honor, Mr. Krpata has been on an
20 electronic monitoring device since his arrest and has not even
21 had an anomaly with this device, and I would submit that's
22 sufficient to get him back here to surrender.
23         MR. DAVIS:  Your Honor, may I just respond to that?
24 Section 3143 says that the judicial officer shall order a
25 person found guilty of an offense in a case described as a case

1   like child pornography, that they be detained unless there is
2   either a motion of acquittal or a new trial likely -- and I
3   think that's not likely in this case -- or no jail sentence.
4   That deals with detention pending sentencing, Your Honor, but I
5   believe it supports the government's request for his immediate
6   incarceration.
7           THE COURT:  All right.  As a condition of the sentence
8   imposed and while awaiting commencement of the sentence, you'll
9   remain under the supervision of your probation officer.
10          You are ordered to surrender to the United States
11  Marshal in Tallahassee, Florida, at 12:00 noon on Thursday,
12  October 22nd, 2009.
13          In the event a place of confinement is designated by
14  the United States Bureau of Prisons prior to the date scheduled
15  for surrender to the United States Marshal, you may voluntarily
16  surrender at your own expense at the institution no later than
17  12:00 noon on Thursday, October 22nd, 2009.
18          Mr. Krpata, you are reminded that your failure to
19  abide by any of the conditions of release or failure to
20  surrender at the date and time set to the United States Marshal
21  or the institution, if designated, will constitute a violation
22  of the conditions of release and subject you to prosecution for
23  violation of 18 United States Code section 3146, which is
24  failure to appear, 18 United States Code section 3147, which is
25  offense committed while on release, and 18 United States Code

```
 1   section 3148, which is sanctions for violation of release
 2   conditions.
 3           Mr. Harper, your client should confer with the
 4   probation office before leaving court today.
 5           MR. HARPER:  Yes, sir.
 6       (Proceedings concluded at 2:00 p.m.)
 7                         **********
 8           I certify that the foregoing is a correct transcript
 9   from the record of proceedings in the above-entitled matter.
10
11   S/Lisa Girod Jones                        11/5/2009
     _____           _____
12   LISA GIROD JONES, RPR, RMR, CRR           Date
     Official Court Reporter
13
```